UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
:
JOHN WILEY & SONS, INC.,                                        :   Case No.
JOHN WILEY & SONS SINGAPORE PTE. LTD.,                          :
and JOHN WILEY & SONS, LTD.,                                    :
                                                                :   **COMPLAINT**
                    Plaintiffs,                                 :
                                                                :   **DEMAND FOR A JURY TRIAL**
                                                                :
    -against-                                                   :
                                                                :
BIONIC TURTLE LLC and                                           :
DAVID HARPER,                                                   :
                                                                :
                    Defendants.                                 :
----------------------------------------------------------------X

Plaintiffs John Wiley & Sons, Inc., John Wiley & Sons Singapore Pte. Ltd., and John Wiley & Sons, Ltd. (collectively, "Plaintiffs" or "Wiley") for their complaint against Defendants Bionic Turtle LLC ("Bionic Turtle") and David Harper (collectively, "Defendants") allege as follows:

## NATURE OF THE CASE

1. Wiley brings this action in order to stop Bionic Turtle and David Harper from infringing Wiley's copyrights. Bionic Turtle is selling "study notes" that infringe on 19 of Wiley's copyrighted works (the "Works").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, based on federal question jurisdiction.

3. This is an action arising under the Copyright Act, 17 U.S.C. §§ 101 et seq.

4. Venue is proper in this district under 28 U.S.C. § 1391. Jurisdiction in this district is proper because Defendants, without the consent or permission of Wiley, copied,

distributed, and offered to distribute through and into this district study notes that infringe on Wiley's copyrighted Works.

## PARTIES

5. Plaintiff John Wiley & Sons, Inc. is a corporation organized under the laws of the State of New York with its principal place of business located at 111 River Street, Hoboken, New Jersey.

6. Plaintiff John Wiley & Sons, Ltd. is a corporation organized under the laws of England and Wales with a principal place of business located at The Atrium, Southern Gate, Chichester, West Sussex, England.

7. Plaintiff John Wiley & Sons Singapore Pte. Ltd. is a corporation organized under the laws of Singapore with a principal place of business located at 1 Fusionopolis Walk, #07-01 Solaris, South Tower, Singapore.

8. Defendant Bionic Turtle LLC is a California limited liability company with its principal place of business located at 31042 Hawksmoor Drive, Rancho Palos Verdes, California.

9. Defendant David Harper is an individual residing at 31042 Hawksmoor Drive, Rancho Palos Verdes, California and is the sole manager of Bionic Turtle.

## GENERAL ALLEGATIONS

10. John Wiley & Sons, Inc. is a 212-year-old publisher whose publications include physical and digital books, as well as online test preparation courses. John Wiley & Sons, Inc. and its subsidiaries John Wiley & Sons Singapore Pte. Ltd. and John Wiley & Sons, Ltd. publish a broad array of non-fiction works, many of which are geared toward students and lifelong

learners.  Wiley's works are widely available in the marketplace, including from Wiley as well as physical and online bookstores.  Wiley also licenses portions of its works.

## THE WORKS

11.     The Works concern financial risk management.  Wiley published the Works between 2002 and 2018.  Each Work is original content created by the individual authors of each Work.  The authors have assigned the copyrights -- or granted exclusive licenses -- in the Works to Wiley.  The titles of the Works, their ISBNs, the copyright registration numbers, and the identity of the copyright owners/exclusive licensees are set forth in Exhibit A.

12.     The authors of the Works are well-known in the field of finance or financial risk management.  Signing well-known authors in the fields of finance or financial risk management requires extensive negotiations because there are at least 10 other major publishers, and many smaller publishers, who would like to publish their works.

13.     The content of the Works is also competitive – meaning that there are not many similar books in the market that are written by authors who are well-known in their field.  The combination of the field, author, and competitive content of the Works results in valuable books.  In this case, many of the Works have list prices between $100 and $200.

14.     Development of the Works takes place over a 12-18-month period.  After the author and Wiley agree on a table of contents for a work, the authors draft manuscripts for the works and submit these to Wiley.  Wiley reviews, edits, and provides support in further developing the manuscript, at which points the authors do another round of writing and editing.  Upon Wiley's acceptance of the books, Wiley copyedits, proof-reads, typesets and creates a cover design for the book, among other things.  The book is printed and a marketing plan is

developed, which entails advertising, search engine optimization, web development, and branding for the book.

15. The authors of the Works are each paid a royalty based on Wiley's sales of the Works. That means that the authors only realize a financial return if Wiley is able to sell the Works.

## FRM EXAMINATION PREPARATION

16. The Financial Risk Manager ("FRM") certification is offered by the Global Association of Risk Managers ("GARP"). In order to receive the FRM certification, a student must pass both Parts I and II of the FRM examination. The FRM curriculum consists of topics related to finance and risk management, including market, credit, and operational risk; investment and portfolio management; financial analysis; and more. Wiley licenses many of the Works to Pearson Education Inc., who publishes the FRM curriculum for GARP.

17. Bionic Turtle is one of approximately 8-12 significantly sized companies (including Wiley) offering online test preparation products to students who sit for the FRM examination. These companies are trying to capture the business of the approximately 50,000 students who enroll annually in a test preparation course prior to sitting for the FRM exam.

18. Creating test preparation materials is an arduous process. It involves locating authors versed in the subject matter, contracting with them to prepare appropriate materials, and preparing the materials. Materials include written instruction (including study guides), lessons, online practice examinations, test banks, and explanations of correct answers. Marketing and sales channels, similar to those discussed in Paragraph 14 with regard to books, must be opened.

## DEFENDANTS' INFRINGING CONDUCT

19. Bionic Turtle prepares and sells "study packages" that include study notes, instructional videos, questions sets, mock exams, interactive quizzes, and other materials to assist students who are preparing to take the FRM exam. Bionic Turtle charges $399 to $799 for its study packages for Parts I and II of the FRM exam.

20. Bionic Turtle plainly states that David Harper is the author of the study notes.

21. Bionic Turtle, by David Harper, copied portions of the Works and used them in the study notes without permission. Upon information and belief, David Harper copied portions of the FRM exam curriculum, which includes portions of many of the Works, which were licensed from Wiley by Pearson Education Inc.

22. Defendants' copying of the Works is blatant. There are pages and pages of verbatim copying from the Works. An example of Defendants' infringement is attached as Exhibit B. The yellow highlighted portions of the exhibit show word-for-word copying from the Wiley Work "Enterprise Risk Management: From Incentives to Controls, 2nd Edition."

23. Indeed, even when the copying is not word-for-word, there are instances where the only differences are minor grammar changes.

24. Rather than investing time and money into preparing original content, Defendants stole from the Works. The sheer volume of infringing content in the Bionic Turtle study notes indicates that Defendants knew or should have known that its study notes infringed the Works.

25. Upon information and belief, Bionic Turtle distributed the infringing study notes as part of Bionic Turtle's study packages to thousands of individual purchasers, including purchasers who reside in this district.

## **FIRST CLAIM FOR RELIEF**

### **Copyright Infringement Under 17 U.S.C. §§ 101** *et seq.*

26. Wiley realleges and incorporates herein by reference the allegations of paragraphs 1 through 25 as though fully set forth herein.

27. The Works constitute original works and copyrightable subject matter pursuant to the Copyright Act. They have been duly registered by Wiley with the United States Copyright Office and published by Wiley in conformity with the Copyright Act.

28. At all relevant times, Wiley has been and still is the owner or exclusive licensee of all rights, title and interest in and to the copyrights in the Works, which have never been assigned, licensed or otherwise transferred to Bionic Turtle or David Harper.

29. Beginning on an unknown date and continuing, at least, into November 2019, Bionic Turtle and David Harper infringed Wiley's copyrights by, among other things, deliberately copying, distributing, and reselling the study notes which included content from the Works for profit, without the permission, license or consent of Wiley.

30. Upon information and belief, Bionic Turtle continues to sell the infringing study notes.

31. As a result of Bionic Turtle and David Harper's unlawful and deliberate conduct as set forth above, Wiley has been, and will continue to be, damaged.

32. Upon information and belief, Bionic Turtle and David Harper's unlawful conduct, as set forth above, was deliberate, intentional, knowing, reckless, and willful.

33. Bionic Turtle and David Harper's actions described above have caused and will continue to cause irreparable damage to Wiley, for which Wiley has no remedy at law. Unless

Bionic Turtle and David Harper are restrained by this Court from continuing their infringement of Wiley's copyrights, these injuries will continue to occur in the future.

## SECOND CLAIM FOR RELIEF

### Vicarious Copyright Infringement Against Bionic Turtle

34. Wiley realleges and incorporates herein by reference the allegations of paragraphs 1 through 33 as though fully set forth herein.

35. Bionic Turtle's study notes have infringed the Works.

36. Bionic Turtle possessed the right and the ability to supervise David Harper's preparation of the study notes, which constitute a portion of Bionic Turtle's test preparation materials.

37. Bionic Turtle had a direct financial interest in the study notes since it advertised and sold the study notes in all of its test preparation packages.

38. The study notes allowed Bionic Turtle to more effectively sell and promote their products by providing customers with more test preparation materials.

39. As a result of Bionic Turtle's unlawful and deliberate conduct as set forth above, Wiley has been, and will continue to be, damaged.

40. Upon information and belief, Bionic Turtle's unlawful conduct, as set forth above, was deliberate, intentional, knowing, reckless, and willful.

41. Wiley seeks monetary damages in an amount to be determined at trial.

## JURY DEMAND

Wiley demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

By reason of the acts and circumstances alleged above, Wiley seeks relief from this

Court as follows:

    A.    An accounting and disgorgement of Bionic Turtle's profits, gains, and advantages realized from their unlawful conduct, including a reconciliation of purchases and sales of the study notes with documents relating to all of the purchases and sales;

    B.    That Defendants be required to pay to Wiley such damages as Wiley has sustained as a consequence of their unlawful acts as alleged above, including actual damages or statutory damages, at Wiley's election, pursuant to 17 U.S.C. § 504;

    C.    An order enjoining Bionic Turtle from further infringing upon Wiley's respective copyrights, pursuant to 17 U.S.C. § 502;

    D.    That Bionic Turtle be required to deliver up for destruction all study notes and other material infringing on the Works pursuant to 17 U.S.C. § 503;

    E.    For prejudgment interest at the applicable rate;

    F.    For attorneys' fees, costs, and costs of suit; and

    G.    For such other and further relief the Court deems proper.

Dated: Hoboken, New Jersey
       November 15, 2019

By:  /s/ Joseph J. Barker
     Joseph J. Barker
     John Wiley & Sons, Inc.
     111 River Street
     Hoboken, New Jersey 07030
     Phone: (201) 748-7862
     Fax: (201) 748-6500
     jobarker@wiley.com

*Attorney for Plaintiffs John Wiley & Sons, Inc., John Wiley & Sons Singapore Pte. Ltd., and John Wiley & Sons, Ltd.*